STRAUSS BASCULE BRIDGE CO. v. CITY OF SEATTLE.

(Circuit Court of Appeals, Ninth Circuit. April 20, 1925. Rehearing Denied May 25, 1925.)

No. 4506.

1. Patents ⬗327—Judgment of Circuit Court of Appeals of one circuit sustaining patent will be considered, but is not conclusive on court of other circuit.

The fact that the Circuit Court of Appeals for one circuit has sustained patent is entitled to the respectful consideration of court of other circuit, but is not conclusive on such other court, where certain material evidence is before it which was not before first court.

2. Patents ⬗328—Refusal of temporary injunction restraining city from constructing bridge in patent infringement suit held not abuse of discretion.

In suit to enjoin city constructing bridge from infringing patent No. 995,813, claims 9 and 10, for bridges, refusal to grant temporary injunction held within sound discretion of court, in view of the facts.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Netterer, Judge.

Suit by the Strauss Bascule Bridge Company against the City of Seattle. From order denying temporary injunction, plaintiff appeals. Affirmed.

J. W. Robinson and John F. Murphy, both of Seattle, Wash., for appellant.

Thomas J. L. Kennedy, Walter B. Beals, A. C. Van Soelen, and G. Wright Arnold, all of Seattle, Wash., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. The Bascule Bridge Company sued the city of Seattle and alleged infringement of claims 9 and 10 of patent No. 995,813, issued June 30, 1911, and filed motion for temporary injunction to enjoin the city from using certain plans adopted for the construction of what is called the Montlake Bridge. After hearing upon affidavits, temporary injunction was denied, and the bridge company appealed from the order of denial.

The claims of the patent alleged to be infringed are: "(9) A bridge comprising a movable section, a stationary cross-support therefor, the rear ends of the movable section having truss members which completely surround the said cross-support. (10) A bridge comprising a movable section, two upright supports therefor, one on each side of the roadway, a stationary cross-support connected with said upright supports and upon which the movable section is mounted; the main trusses of the movable section ending at the said cross-support, the rear end of the movable section having truss members above and below said cross-support, and arranged so as to be at all times free from the cross-support when the movable section is lifted." For the present purposes it is sufficient to say that the substance of the allegation is that the city, to secure the benefits and use of the patent and the claims just referred to, purposely omitted the middle portion of the cross-beam, but retained sufficient at both ends attached to support the trunnions, and that the city bridge plan has the same construction as claim 9, and operates the same way; also, has the same elements as claim 10, operating in the same way to produce the same results. It is further alleged that notice was given to the city that its proposed plans and specifications for the bridge constituted infringement

of claims 9 and 10. The city, through affidavits of engineers and others, denied infringement to any extent, and with detailed statement set forth that the structure being built by the city is mechanically substantially like the structure called for in patent No. 738, 954, for a bridge granted to Strauss September 15, 1903, and filed December 19, 1902, now expired. Affidavits in behalf of the city also set forth that what is called the precision scale balance constitutes complete anticipation of claims 9 and 10 of the patent in suit. It also appeared that if construction were stopped the public would be much inconvenienced.

[1] It is unnecessary upon this appeal to go at length into the detailed comparisons made by the engineers, for after careful consideration of the argument and briefs, we are satisfied that the issues cannot be accurately solved until after trial. The fact that the patent has been sustained by the Court of Appeals for the Sixth Circuit (Strauss Bascule Bridge Co. v. City of Chicago, 261 F. 358) is entitled to our respectful consideration. But it appears that in the present application for injunction the court had before it certain material evidence which was not before the court in the case cited.

[2] We conclude that under the facts and circumstances denial of the injunction was within the sound discretion of the court.

The order appealed from is affirmed.